TRIPP *versus* INHABITANTS OF LYMAN.

In an action against a town for injury from a defective highway, proof that it was suffered on the *precise day* alleged in the writ is not required.

Towns are bound to make and keep their highways " safe and convenient" for travelers.

For an injury received by a defect occasioned by *freezing and thawing* of the road, they are liable to the party injured, if they have reasonable notice of such defect.

And in such action, evidence that a greater portion of the ways in the same town were defective from the same cause only, is inadmissible.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding. CASE.

The plaintiff alleged the loss of his horse by means of a hole in the traveled part of a highway, in Lyman, on Dec. 18, 1851.

The witness called by plaintiff would not testify that the injury was on the eighteenth, but about that time.

The defect in the road appeared to be a small hole, occasioned by the frost heaving up the earth and leaving a stone below the surface. In the fall the road was in good repair.

The defendants offered evidence, that at the time of the accident, and before and afterwards, there were holes in the roads in Lyman, similar to that where the accident happened, occasioned by the freezing and thawing of the ground only, and extending over a considerable portion of the roads in the town, which, being objected to, was excluded by the Judge.

The jury were instructed, that the day alleged was not

material, and that it was sufficient if the plaintiff proved the facts to have taken place in the month of December.

Defendants' counsel requested the instruction, that if the jury were satisfied, that the road was in good repair, and safe and convenient for travelers and their horses, teams and carriages, at the time when the ground was first frozen during that winter, and that it so remained at, and until after the time of the alleged injury to the plaintiff's horse, unless rendered otherwise by the effect of the freezing or thawing of the ground, or by freezing and thawing both, then the town is not liable.

The Judge declined to give such instructions.

A verdict was rendered for plaintiff, and defendants excepted to the exclusion of the testimony offered, to the instruction given, and the refusal to give the one requested.

*J. Shepley,* in support of the exceptions.

*Eastman & Leland, contra.*

HATHAWAY, J. — The duties and liabilities of towns, concerning highways, are prescribed by law. R. S., c. 25, § 57, makes it the duty of towns to keep their highways in repair, and amended, from time to time, that the same may be safe and convenient for travelers and their horses, teams, carts and carriages; and § 89 makes the town liable, in a special action on the case, to any person, who shall receive any bodily injury, or shall suffer any damage in his property, through *any defect* or want of repair, in any highway, which such town was bound by law to repair, if the town had reasonable notice of the defect or want of repair. In such action, the allegation of the precise time is immaterial, and need not be proved *strictly* as alleged. 1 Chitty's Pl., 258, 383; 1 Greenl. Ev., § § 56, 61; 2 Greenl. Ev., § 624. The evidence offered by the defendants, to show that, at the time of the accident, and before and afterwards, "a considerable portion of the roads in Lyman had defects, similar to that where the accident happened, occasioned by the freezing and thawing of the ground only," could have no legitimate effect

to relieve the defendants from their liability for the cause of action, for which this suit was commenced, and it was properly excluded. The statute does not render the town liable, unless they had reasonable notice of the defect, or want of repair. The case presents no exceptions to the instructions given the jury upon the subject of notice, nor to the neglect of the Judge to instruct them concerning it. The presumption is, therefore, that they were properly instructed in that matter.

The statute does not render the liability of the town dependent upon the causes which produced the defect in the road; nor does it prescribe or define what imperfections in a road would render it defective. It is the proper business of the jury to determine whether or not the road was "safe and convenient," as the statute requires. *Merrill* v. *Hampden*, 26 Maine, 234.

No error is perceived in the rulings of the Judge, and the exceptions are overruled.

SHEPLEY, C. J., and RICE and CUTTING, J. J., concurred.